### KLEIN et al. v. BUCHOZ.

### No. 4395.

Court of Civil Appeals of Texas. El Paso.

June 29, 1944.

Rehearing Denied July 20, 1944.

Judgment Affirmed Dec. 30, 1944.

See 184 S.W.2d 271.

J. H. McBroom, of El Paso, for appellants.

Cunningham, Ward & Cunningham, of El Paso (R. E. Cunningham, of El Paso, of counsel), for appellee.

SUTTON, Justice.

This is an appeal from the 41st District Court of El Paso County.

N. G. Buchoz, as plaintiff, sued William Klein, John Klein and Joseph Sonnenberg to recover a broker's commission in the sum of $1,300 alleged to be due him for procuring a purchaser ready, able and will-

ing to buy certain described real property in the City of El Paso under a written contract made by A. L. Carlton, as the duly authorized agent of the three defendants named. In the alternative, he sought to recover the amount claimed as due against A. L. Carlton on his representation and warranty that he was duly authorized to act for the other defendants in the event it should develop he was not so authorized. There were answers by each of the defendants, but there are no questions presented on the pleadings and no statement concerning them is necessary.

There was a trial to the court and jury and on a favorable verdict for the plaintiff judgment was rendered for him against the three first named defendants, and judgment in favor of Carlton. The three losing defendants only have appealed.

■ Defendants present eight points of error, five of which, one way or another, have to do with the lack or insufficiency of the evidence to establish authority on the part of A. L. Carlton to execute the contract sued on on behalf of the other defendants. We think the issue thus presented determines the case.

The property directly involved in this case, with other property, was involved in a probate proceeding when the contract sued on was entered into January 30, 1943. Mr. A. L. Carlton, as attorney, represented the appealing defendants in that litigation for an interest in the property.

We are of the opinion there is no evidence of agency in the record. Plaintiff in his brief summarizes the evidence found in the record asserted by him to be sufficient to establish the agency of Carlton. He refers to the contract of employment whereby Carlton was engaged as attorney for the three named defendants here to recover in the Probate Court or otherwise property in process of administration in what was known as the Klein Estate. It will serve no purpose to set that contract out, but it is nothing more nor less than a power of attorney to recover for the Kleins and Sonnenberg by suit or compromise their interest in the property of the Klein Estate coupled with an assignment of an interest in the property. There is nothing to be found in it authorizing Carlton to sell the property for them if and when recovered.

Secondly, what plaintiff describes as the agreement of appellants with Carlton to offer the property for sale and his negotiations with real estate men. This, we take it, is based upon the testimony of Carlton that some time in December (1942) while the Kleins and Sonnenberg were in El Paso it was agreed in Carlton's office that if they succeeded in recovering the property it would be for sale and that Carlton should look around and see what they should get and submit the offers to them, and that he thereafter advised various real estate brokers the property would be for sale in the event of its recovery. This is the full extent of his testimony on that point.

Thirdly, what is described as the listing of said property with the plaintiff, which refers to a conversation between Carlton and plaintiff when plaintiff wrote down on an envelope some memoranda and notations concerning certain property, including the property immediately involved here, to-wit: "White Store. $27500. 39 x 115." Also a letter from Carlton to plaintiff dated January 30, 1943, wherein Carlton advised plaintiff, on information and belief, the White Auto Stores property was leased for five years from March, 1941, at $225 per month.

And fourthly, the sales contract signed by Carlton. That contract is signed in long hand, "Wm. Klein, John Klein and Joseph Sonnenberg by A. L. Carlton, Atty. and agent for above named sellers."

In the argument reference is made to the testimony of the plaintiff that when plaintiff and Carlton were discussing the sale of the property plaintiff inquired of Carlton if he had authority to sell the property, to which Carlton replied "right here in my pocket." There was no finding on that and no material finding could have been had. Too, a receipt contract was introduced and received in evidence covering the sale by the administrator of Florence Klein and purchase by Wm. Klein of a piece of city property November 20, 1942, which was signed: "Approved: A. L. Carlton, Atty. for Wm. Klein." Also a contract for the sale of the White Auto Stores property dated February 13, 1943, similar to the one sued on in this case and signed: "Wm. Klein, John Klein & Joseph Sonnenberg, by A. L. Carlton, by authority of telegram from Wm. Klein dated 2–15–43."

We believe this to be all the testimony relied upon to establish agency, and we have carefully read the entire statement

of facts, and have found no testimony which we believe upon any proper legal construction will support the verdict and judgment. It follows, therefore, in our opinion the trial court was in error in refusing defendants' motions for an instructed verdict, for judgment notwithstanding the verdict, and in not setting the verdict and judgment aside on the motion for a new trial based upon the lack and insufficiency of the proof to establish agency and authority on the part of Carlton to execute the contract sued on.

It becomes unnecessary to pass upon the other assignments.

The recovery sought against A. L. Carlton was contingent upon a failure to recover against appellants, hence the judgment that plaintiff take nothing against Carlton. The judgment of the trial court is accordingly reversed and remanded as to all parties, but if the case should again develop as did develop against these appellants, the trial court should instruct a verdict in favor of the appellants.